UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| STACEY STONE-JUSAS,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>WAL-MART STORES, INC., et al.,<br><br>                              Defendant(s). | Case No. 2:14-cv-00669-JCM-NJK<br><br>ORDER RE: MOTION TO SEVER<br><br>(Docket No. 5) |

Pending before the Court is Wal-Mart Stores, Inc.'s ("Wal-Mart") motion to sever. Docket No. 5. Plaintiff filed a response in opposition and Wal-Mart filed a reply. Docket Nos. 11, 14. The parties' briefs failed to provide meaningful discussion of numerous threshold issues. For the reasons discussed below, the Court hereby ORDERS the parties to provide supplemental briefing on the motion.

**I.     "Fraudulent Misjoinder" Generally**

Wal-Mart argues that this Court should evaluate whether Plaintiff fraudulently misjoined Wal-Mart and Defendants Arbueta and Schramm in state court prior to removal. As Wal-Mart correctly cites, at least one judge in this District has applied the "fraudulent misjoinder" doctrine to evaluate such an argument. *See Greene v. Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004). Nonetheless, it appears that the Ninth Circuit has never adopted that doctrine and the "vast majority of cases" have refused to apply it. *See Hannig v. Juarez*, 2013 WL 7095748, *3 & n.2, 6 (D. Nev. Aug. 27, 2013); *see also Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d

1123, 1126-28 (E.D. Cal. 2004) (refusing to apply doctrine).[1] Accordingly, the parties must address whether the fraudulent misjoinder doctrine is applicable in this Circuit as a threshold matter.

## II. "Fraudulent Misjoinder" Standards

For those courts that have applied the "fraudulent misjoinder" doctrine, they have taken diverse approaches in outlining the standards that should apply. *See, e.g.*, *Greene*, 344 F. Supp. 2d at 684-85 ("it is impossible to know which standard would be employed by the Ninth Circuit"). Accordingly, the parties shall address the standard that the Court should apply in the event it finds the "fraudulent misjoinder" doctrine applicable in this Circuit.

## III. Whether the Claims are Properly Joined

Plaintiff contends that the claims are properly joined in this case because the injuries sustained in the two incidents are "identical." *See* Docket No. 11 at 3-4. This undersigned addressed similar issues in its recent Report and Recommendation issued in *Gonzales v. Wal-Mart Stores, Inc.*, 2:14-cv-00230-JCM-NJK, Docket No. 23 (May 22, 2014) (holding that claims were properly joined), which was adopted by United States District Judge James C. Mahan on June 10, 2014 (Docket No. 24). Accordingly, the parties must address whether this case differs in any meaningful way from the situation presented in the *Gonzales* case.

## IV. Applicable Standard Regarding Factual Disputes

Lastly, Wal-Mart's reply argues that Plaintiff's injuries in this case were not similar. *See* Docket No. *See* Docket No. 14 at 3 (citing exhibits). The parties have not provided the Court with any discussion of the proper standard to be applied at this stage of the proceedings in analyzing any factual disputes regarding whether the injuries were actually intertwined. Accordingly, the parties must also address the standard the Court should apply to any factual dispute.

---

[1] The report and recommendation in *Hannig* was ultimately not adopted by United States District Judge Lloyd D. George because the Court had been divested of jurisdiction when the case was transferred to the MDL. *See* 2014 WL 294042. Nonetheless, Judge George made clear that his decision was not based on the merits of the report and recommendation and, indeed, he noted approvingly that, "[h]opefully, the magistrate judge's treatment of the remand issues will be helpful to the MDL, or this court at an appropriate time."

- 2 -

## V. Conclusion

In light of the above, the parties are hereby ORDERED to address each of these contentions in supplemental briefing. Wal-Mart's opening supplemental brief shall be filed no later than June 17, 2014. Plaintiff's response shall be filed no later than June 24, 2014. Wal-Mart's reply shall be filed no later than July 1, 2014.

IT IS SO ORDERED.

DATED: June 10, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge