1

2

3

4

5        UNITED STATES DISTRICT COURT

6        DISTRICT OF NEVADA

7        * * *

8    STACEY STONE-JUSAS,                          Case No. 2:14-cv-00669-JCM-NJK

9                         Plaintiff(s),           REPORT AND RECOMMENDATION

10        v.                                      (Docket Nos. 5, 8)

11   WAL-MART STORES, INC., et al.,

12                        Defendant(s).

13

14        Pending before the Court is Plaintiff's motion to remand this case to state court.  Docket

15   No. 8.  Defendant Wal-Mart Stores, Inc. ("Walmart") filed a response in opposition.  Docket No.

16   12.  Also pending before the Court is Walmart's motion to sever the claims brought against

17   Defendants Maibel Arbueta and Lynn Schramm (collectively, the "Driving Defendants").  Docket

18   No. 5.  Plaintiff filed a response and Walmart filed a reply.  Docket Nos. 11, 14.  The Court also

19   received supplemental briefing from the parties.  Docket Nos. 18-20.[1]  The Court finds the motions

20   are properly decided without oral argument.  See Local Rule 78-2.

21        For the reasons discussed more fully below, the undersigned **RECOMMENDS** that the

22   motion to sever (Docket No. 5) be **DENIED**, that diversity jurisdiction be found lacking, and that

23   the case be **REMANDED**.

24   **I.    BACKGROUND**

25        Walmart is a citizen of Delaware and Arkansas.  *See* Docket No. 1 at 3.  Plaintiff, Arbueta,

26   and Schramm are citizens of Nevada.  Compl. ¶¶ 1, 3 (Docket No. 1-2).  Plaintiff alleges that, on

27   _____

28        [1] Plaintiff provided proofs of service of the complaint on Arbueta and Schramm, *see* Docket
     No. 19-2, but they have not yet appeared in this action.

or about March 16, 2013, she slipped on a discarded hanger left on the floor at a Walmart store. *Id.* at ¶¶ 6-7.  Plaintiff brings claims against Walmart alleging negligence.  Plaintiff also alleges that she was a passenger in a vehicle, on or about August 23, 2013, and that she was injured at that time when a car driven by Arbueta ran a red light causing the driver of Plaintiff's car to take evasive action, at which time her car was rear-ended by Schramm's car.  Compl. at ¶¶ 12-14. Plaintiff brings claims against Arbueta and Schramm alleging negligence.  Plaintiff asserts that the injuries suffered in the above two events are intertwined, arguing that the injuries Plaintiff sustained in the incident at Walmart were aggravated by the negligence of the Driving Defendants. *See* Docket No. 11 at 3-4, Exh. 1.

Plaintiff brought suit against Walmart and the Driving Defendants in state court.  On May 1, 2014, Walmart removed the case to this Court, asserting that diversity jurisdiction exists because the claims against the Driving Defendants were fraudulently misjoined.  *See* Docket No. 1 at 3.  In particular, Walmart asserted that the claims against the Driving Defendants are severable from the claims against Walmart such that complete diversity would exist as to the severed claims against Walmart.  *See id.*  To that end, on May 1, 2014, Walmart filed a motion to sever the claims.  Docket No. 5.  On May 16, 2014, Plaintiff filed a motion to remand to state court.  Docket No. 8.  Those two motions are now before the Court.

## II.   DIVERSITY JURISDICTION AND REMAND

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994).  Federal courts have diversity jurisdiction over claims arising out of state law where the claims are between citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).  Generally speaking, diversity jurisdiction exists only where there is "complete diversity" among the parties; each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district . . . where such action is pending."  If jurisdiction is found lacking in a removed case, the federal court must remand the

1    case back to state court.  *See* 28 U.S.C. § 1447(c).  In determining whether removal is proper,

2    courts must strictly construe the removal statute against removal, and "[f]ederal jurisdiction must

3    be rejected if there is any doubt as to the right of removal in the first instance."  *E.g.*, *Gaus v. Miles,*

4    *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

5    **III.    ANALYSIS**

6              The pending motions present several important threshold issues for the Court to consider.

7    First, Walmart's position is predicated on the assumption that the Ninth Circuit would allow for

8    the application of the "fraudulent misjoinder" doctrine.  As this Court recently highlighted,

9    application of that doctrine in the Ninth Circuit is uncertain.  *See Gonzales v. Wal-Mart Stores,*

10   *Inc.*, 2014 WL 2591690, *2 (D. Nev. May 22, 2014), *adopted*, 2014 WL 2591499 (D. Nev. June

11   10, 2014) (Mahan, J.).  As such, the Court must first decide whether that doctrine is viable in this

12   Circuit.  Second, assuming the Ninth Circuit would approve the fraudulent misjoinder doctrine,

13   the Court must determine the standard under which the doctrine should be applied.

14           A.  Viability of the Fraudulent Misjoinder Doctrine

15           Walmart removed this case based on its assertion that the claims against it and Arbueta and

16   Schramm were fraudulently misjoined in state court.  *See, e.g.*, Docket No. 1 at 3.[2]  The fraudulent

17   misjoinder doctrine was adopted by the Eleventh Circuit in *Tapscott v. MS Dealer Serv. Corp.*, 77

18   F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204

19   F.3d 1069, 1072-76 (11th Cir. 2000).  As Walmart correctly cites, one judge in this District has

20   agreed with the Eleventh Circuit and applied the fraudulent misjoinder doctrine.  *See Greene v.*

21   *Wyeth*, 344 F. Supp. 2d 674, 684-85 (D. Nev. 2004).  That opinion is an outlier, however, as the

22   vast majority of district court decisions within the Ninth Circuit have refused to apply the doctrine.

23   *See Hannig v. Juarez*, 2013 WL 7095748, *3 & n.2 (D. Nev. Aug. 27, 2013) (collecting cases).

24   Indeed, "district courts throughout this circuit have repeatedly and consistently declined to adopt

25   the doctrine."  *Jurin v. Transamerica Life Ins. Co.*, 2014 WL 4364901, *3 (N.D. Cal. Sept. 3,

26   2014).  For the reasons discussed more fully below, the undersigned agrees with the vast majority

27   _____

28           [2] The Court notes at the outset that Plaintiff's briefing does not always appear to have a
     clear grasp on the legal issues at hand.  Nonetheless, the Court has a duty to properly articulate
     and apply the law.  *See, e.g.*, *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

of cases from within the Ninth Circuit and likewise declines to adopt the fraudulent misjoinder doctrine.

It is well established in the Ninth Circuit that a plaintiff may not defeat diversity jurisdiction by fraudulently joining a party. *See, e.g.*, *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). A "fraudulent joinder" occurs when the "plaintiff fails to state a cause of action against [a] defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The removing party must demonstrate that the individuals joined in the action cannot be liable on any theory. *See Ritchey*, 139 F.3d at 1318. This is a heavy burden that must be made through clear and convincing evidence, with all ambiguities resolved in favor of the non-removing party. *See, e.g.*, *Lighting Science Group Corp. v. Koninklijke Philips Elecs. N.V.*, 624 F. Supp. 2d 1174, 1179 (E.D. Cal. 2008).

Walmart does not argue that Plaintiff failed to state a claim against the Driving Defendants such that the fraudulent joinder doctrine applies. Instead, it relies on the more novel concept of fraudulent *mis*joinder, a doctrine adopted by the Eleventh Circuit. *See Tapscott*, 77 F.3d at 1360. In that case, the Eleventh Circuit found that the fraudulent misjoinder doctrine applies where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant. *Id.* The Eleventh Circuit further found in that case that the claims against the defendants at issue had "no real connection" to one another and that their joinder was "so egregious" that the nondiverse defendant could be ignored to establish diversity jurisdiction. *Id.*

The Ninth Circuit has neither adopted nor rejected *Tapscott*.[3] Nonetheless, *Tapscott* has come under intense scrutiny by courts in this and other Circuits, as well as by prominent commentators. The criticism of *Tapscott* has focused largely on the fact that its fraudulent misjoinder doctrine runs afoul of the well-settled rule that federal jurisdiction is to be narrowly

---

[3] In an unpublished opinion, the Ninth Circuit assumed without deciding that the doctrine applied. *See California Dump Truck Owners Ass'n v. Cummins Engine Co.*, 24 Fed. Appx. 727, 729 (9th Cir. 2001). The Ninth Circuit did not need to determine whether the doctrine should apply because the joinder in that case was not "so improper as to be considered egregious" given that there "seem[ed] to be some connection or nexus between the claims." *Id.* at 730.

construed, that the fraudulent misjoinder doctrine creates an unpredictable and complex rule, and that questions of joinder under state law do not implicate federal subject matter jurisdiction.  *See, e.g., In re Prempro Prods. Liability Litig.*, 591 F.3d 613, 621-22 (8th Cir. 2010) (providing overview of criticism).  Numerous courts have found that the better approach is to require the defendant to challenge the claimed misjoinder in state court and, if that court severs the claims and diversity then exists, it could seek removal to federal court.  *See, e.g.*, *Osborn v. Metropolitan Life Ins. Co.*, 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004).  In this District, such policy concerns recently led Judge Foley to reject the fraudulent misjoinder doctrine.  *See Hannig*, 2013 WL 7095748, *6.[4]  The undersigned agrees with Judge Foley and similarly declines to apply *Tapscott*'s fraudulent misjoinder doctrine.

As such, there is not complete diversity among the parties in this case and the undersigned **RECOMMENDS** that the motion to sever (Docket No. 5) be **DENIED**, that diversity jurisdiction be found lacking, and that the case be **REMANDED**.

B. Application of the Fraudulent Misjoinder Doctrine

Even assuming *arguendo* that applying the fraudulent misjoinder doctrine were permissible in this Circuit, the Court would find that its requirements are not satisfied here.  In addition to the uncertainty as to the viability of the fraudulent misjoinder doctrine in this Circuit generally, there is also uncertainty as to the applicable standard in the event the doctrine were approved by the Ninth Circuit.  *See, e.g.*, *Gonzales*, 2014 WL 2591690, at *2 (quoting *Greene*, 344 F. Supp. 2d at 684-85).  Nonetheless, this Court "reads *Tapscott* to apply in the rare circumstance where the egregiousness of plaintiffs' misjoinder is readily apparent."  *HVAC Sales, Inc. v. Zurich Am. Ins. Group*, 2005 WL 2216950, *6 (N.D. Cal. July 25, 2005); *see also Prempro*, 591 F.3d at 624 (concluding that the joinder was not "so egregious and grossly improper" as to constitute fraudulent misjoinder).

---

[4] Magistrate Judge Foley's report and recommendation was ultimately not adopted by District Judge George because subject matter jurisdiction had been divested following an MDL transfer. *Hannig v. Juarez*, 2014 WL 294042 (D. Nev. Jan. 24, 2014). Judge George made clear that his decision was not based on the merits of the report and recommendation and, indeed, he noted approvingly that, "[h]opefully, the magistrate judge's treatment of the remand issues will be helpful to the MDL, or this court at an appropriate time." *Id.*

While Walmart argues that the joinder in this case "accomplished no other objective than the manipulation of the forum," Docket No. 1 at 3, the Court is not so convinced. Instead, Plaintiff has a colorable claim that the accident involving the Driving Defendants aggravated her existing injuries from her slip-and-fall at Walmart. *See* Docket No. 11 at 2-4.[5] The Nevada Supreme Court has held that once a successive tortfeasor is found to have caused injury, it has the burden of apportioning damages and will be held jointly and severally liable for the entire amount if it fails to meet that burden. *See Kleitz v. Raskin*, 738 P.2d 508, 509 (Nev. 1987). Hence, a real connection exists between the claims against Defendants in this case, and they may ultimately be held jointly and severally liable for Plaintiff's injuries. Indeed, this Court recently held that claims against different defendants who contributed to the same injury in subsequent incidents may be properly joined in one suit. *See Gonzales*, 2014 WL 2591690, *4-10 (finding claims against Walmart from a slip-and-fall and against driver for an unrelated car accident were properly joined).[6] In short, Plaintiff has not joined claims with no real connection to one another and the Court concludes that the joinder of the claims in this case does not reach the level of egregiousness such that the fraudulent misjoinder doctrine would provide Walmart relief even if the Court were to apply it.

---

[5] Walmart disputes any overlap between the injuries Plaintiff sustained during the automobile accident and her slip-and-fall at Walmart. *See, e.g.*, Docket No. 18 at 5-6 (citing emergency room medical records following the car accident and Walmart witness statements following the slip-and-fall). In particular, Walmart contends that Plaintiff's injuries during the slip-and-fall were to her wrists, hands, arms, and hips, whereas the injury resulting from the car accident involved only a neck strain. *See id.* Plaintiff argues that the injuries were interrelated, *see* Docket No. 11 at 2-4, and provided a summary of medical treatment showing that, *inter alia*, the slip-and-fall may have also resulted in neck injury, *see, e.g.*, Docket No. 11-1 at 2.

Walmart urges the Court to resolve this factual dispute by "pierc[ing] the pleadings, consider[ing] the entire record, and determin[ing] the basis of joinder by any means available." Docket No. 18 at 6. The Court declines the invitation to engage in such a fact-finding inquiry. *Cf. Henderson v. Wal-Mart Stores, Inc.*, 2013 WL 6244168, *2 (D. Nev. Dec. 3, 2013) (Mahan, J.) (in evaluating whether a non-diverse defendant was a sham, all disputed questions of fact are to be resolved in the plaintiff's favor).

[6] In making its determination, the Court need not opine on whether the claims in this case were properly joined under Rule 20; it is enough that the joinder was not so egregious as to be fraudulent. *See Prempro*, 591 F.3d at 624 (expressing no opinion as to whether claims could be joined under Rule 20).

**IV.    CONCLUSION**

For the reasons discussed above, the undersigned concludes that the claims against Defendants should not be severed and that this action was improperly removed.  As a result, the undersigned **RECOMMENDS** that the motion to sever (Docket No. 5) be **DENIED**, that diversity jurisdiction be found lacking, and that the case be **REMANDED**.[7]

**V.    NOTICE**

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986).  This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED:  September 29, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[7] Plaintiff also contends that diversity jurisdiction is lacking because the amount in controversy does not exceed $75,000.  *See, e.g.*, Docket No. 8 at 3.  Because the Court finds that diversity jurisdiction is lacking based on the citizenship of the parties, the Court does not reach that alternative argument.  Accordingly, the undersigned **RECOMMENDS** that the motion to remand (Docket No. 8) on that basis be **DENIED** as moot.